IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| FRANCIS J. MICELI, | Case No. CV-04-398-E-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. |  |
| BECHTEL BWXT IDAHO, L.L.C., |  |
| Defendant. |  |

## INTRODUCTION

The Court has before it a motion for summary judgment filed by defendant Bechtel. The Court held oral argument on the motion and took it under advisement. For the reasons expressed below, the Court will grant the motion.

## LITIGATION BACKGROUND

Plaintiff Miceli was employed by defendant Bechtel as a building manager. In April of 2003, Bechtel announced that it would terminate about 200 employees pursuant to a Reduction-In-Force (RIF). The employees were ranked according to certain criteria, and the lowest-ranking employees would be subject to termination. Miceli was terminated on September 18, 2003. He was 54 years old.

**Memorandum Decision and Order – Page 1**

Miceli responded by filing this suit, alleging, among other things, that he was fired because of his age, in violation of the Age Discrimination in Employment Act (ADEA). Defendant Bechtel has moved for summary judgment on all claims. The Court will turn first to Miceli's ADEA claim and then evaluate his other claims.

## ANALYSIS

The ADEA makes it unlawful to fire any person who is at least 40 years old because of that person's age. *See* 29 U.S.C. §§ 623(a), 631(a). Miceli has no direct evidence of age discrimination. Instead, he relies on circumstantial evidence to establish liability under a disparate treatment theory, alleging that Bechtel was motivated by Miceli's age in firing him. *See Miceli Brief* at p. 7.

To establish a violation of the ADEA under a disparate treatment theory, Miceli must first establish a *prima facie* case of discrimination. *See Coleman v. Quaker Oats Company*, 232 F.3d 1271, 1281-82 (9th Cir. 2000). "The requisite degree of proof necessary to establish a *prima facie* case . . . is minimal and does not even need to rise to the level of a preponderance of the evidence." *Wallis v. J.R. Simplot*, 26 F.3d 885, 889 (9th Cir. 1994). A *prima facie* case sets up a presumption of unlawful discrimination. *Id*.

Bechtel can rebut that presumption by articulating a legitimate reason for the

**Memorandum Decision and Order – Page 2**

firing. *Id*. If Bechtel carries that burden, the presumption of unlawful discrimination "simply drops out of the picture." *Id*. To survive summary judgment, Miceli must then introduce evidence sufficient to raise a genuine issue of material fact as to whether Bechtel's reasons are pretextual. To carry that burden, Miceli "may rely on the same evidence [he] used to establish a *prima facie* case or put forth additional evidence." *Coleman,* 232 F.3d at 1282.

     To establish a *prima facie* case using circumstantial evidence, Miceli must show that he was (1) a member of the protected class (at least age 40), (2) performing his job satisfactorily, (3) discharged, and (4) replaced by substantially younger employees with equal or inferior qualifications. *Id*. at 1281. Miceli has clearly satisfied the first three elements. The fourth element can be established in a RIF case "by showing [that Bechtel] had a continuing need for [Miceli's] skills and services in that [Miceli's] various duties were still being performed." *Id*.

     Miceli has made the "minimal" showing needed to satisfy this fourth element. There is at least some evidence that many of Miceli's duties continued to be performed by Bob Roeh, who was twelve years younger than Miceli. There is also some evidence that Roeh had less management experience than Miceli. While there is contrary evidence, Miceli has at least produced the minimal evidence needed to make out a *prima facie* case of age discrimination.

**Memorandum Decision and Order – Page 3**

Bechtel responds by producing evidence that it fired Miceli as part of the RIF, not because of his age. Under the RIF, Bechtel asserts, each employee was rated, and Miceli was fired because he had the lowest rating in his department.

"A RIF is a legitimate nondiscriminatory reason for laying off an employee." *Coleman*, 232 F.3d at 1282. Bechtel has satisfied its burden of production, and the presumption of discrimination falls away. To survive summary judgment, Miceli must at least raise a question of fact that Bechtel's legitimate reason for his termination is actually a pretext for discrimination based on age.

Miceli challenges Bechtel's objective rating explanation by producing evidence that he was fired because his supervisor, Gary Braun, disliked him. Miceli testified that he and Braun "just didn't get along." *See Miceli Deposition* at p. 34. They had an "adversarial relationship" that Miceli attributed to the fact that Braun had come to Bechtel from EG&G while Miceli and a number of others had come from Winco. *Id*. at p. 36. While Miceli did not have "any run-ins" or specific conflicts with Braun while working under him, *Id*. at pp. 40-41, his past history with Braun made him feel "very vulnerable" to being fired by Braun. *Id*. at p. 51. Miceli "truly believed [Braun] used our relationship as the reason to get rid of me." *Id*. at p. 53.

Miceli's characterization of Braun is corroborated by others. A former

**Memorandum Decision and Order – Page 4**

employee who worked for Braun, Gary Sterling, testified that Braun was vindictive at times, had a "history of working behind people's backs," and that "most people do not care for the man." *See Sterling Deposition* at pp. 22-23. Another former employee who worked with Braun, Rodney Remsburg, also described Braun as "vindictive," and testified that "if there was an opportunity to make you look bad, [Braun] would use that." *See Remsburg Deposition* at p. 26. The man who hired Braun, Stephen Yela, testified that Braun was "subversive," and that he was the type of person who would lay someone off just to be vindictive. *See Yela Deposition* at pp. 22-23.

In combination with this evidence of animosity, there is evidence that Braun's subjective judgment played a key role in Miceli's termination. During the RIF, Miceli was initially rated by Steve Winn as a staff member. Later, Miceli was transferred to Braun's department and became a building manager, but he was never reevaluated using the objective criteria for the position of building manager. Building managers were rated under a set of criteria slightly different from that used for staff members – staff members were evaluated for reliability, compliance, and versatility, while those three categories were not applied to building managers.

After Miceli was transferred to Braun's department, Winn asked Braun to choose one building manager for termination. Braun examined Miceli's rating as a

**Memorandum Decision and Order – Page 5**

staff member but did not reevaluate him as a building manager despite the fact that Miceli had worked for him for a few months by that time. Braun testified that "[l]ooking back at it, obviously I wish I would have done that because that would have been a clear objective thing. There was nothing that drove us to do that." *See Braun Deposition* at p. 98. Braun determined that Miceli's rating as a staff member would place him below his ratings for the other building managers, and so he recommended that Miceli be terminated.

This evidence at least raises a question whether Bechtel's stated reason for the firing – that it was based on objective ratings – is the real reason for Miceli's firing. The real reason may have been that Braun disliked Miceli.

Even so, this does not mean that Miceli was fired because of his age: "A plaintiff may not defeat a defendant's motion for summary judgment merely by denying the credibility of the defendant's proffered reason for the challenged employment action." *Cornwell v. Electra Central Credit Union*, 439 F.3d 1018, 1029, n. 6 (9th Cir. 2006). Because the presumption of discrimination has dropped out of the picture, Miceli must raise a question of fact that he was fired because of his age.

In *Cornwell*, plaintiff Cornwell claimed that he was demoted because he was African-American. Cornwell made out a *prima facie* case that his employer

**Memorandum Decision and Order – Page 6**

rebutted with proof that Cornwell was demoted as part of a larger corporate action that had nothing to do with race. *Id*. at 1032.

Because the employer's rebuttal removed the presumption of racial discrimination, Cornwell could not oppose summary judgment merely by showing "that [the employer's] justification for Cornwell's demotion was unworthy of credence." *Id.* Instead, the Circuit held, Cornwell had to offer some "circumstantial evidence from which a reasonable jury could conclude that [the employer] demoted Cornwell *because Cornwell is African-American.*" *Id*. (emphasis added).

Similarly, Miceli must offer some circumstantial evidence from which a reasonable jury could conclude Bechtel fired Miceli because of his age. Miceli asserts that evidence of Braun's vindictive nature opens the door to a reasonable inference that Braun's termination recommendation was age-related. Miceli asserts that Braun was "carrying out a long-standing grudge," and that a reasonable juror could infer that Braun wanted Miceli fired "at a time in Miceli's life when it would be difficult for him [to find employment] . . . ." *See Miceli Brief* at pp. 12-13.

However, even under Miceli's version of the facts, Braun would have fired Miceli whether Miceli was age 30 or age 60. There is no evidence whatsoever that

**Memorandum Decision and Order – Page 7**

Braun's dislike of Miceli was related to Miceli's age. If Braun would have fired Miceli regardless of age, there is no ADEA claim even if Braun derived some vindictive satisfaction from watching Miceli struggle to find new employment due to his age. *See MacKenzie v. City and County of Denver,* 414 F.3d 1266, 1280 (10th Cir. 2005) (stating that ADEA is not "a civility code"); *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1178 (10th Cir. 1999) (stating that ADA and Title VII were not designed to make "actionable the ordinary tribulations of the workplace").

Personal animosity is not enough. In *Hicks v. St. Mary's Honor Center*, 509 U.S. 502 (1993), the plaintiff employee demonstrated that the employer's reasons for terminating him were all untrue, and the lower court had entered judgment for the plaintiff. The Supreme Court reversed that decision, holding that "although [plaintiff] has proven the existence of a crusade to terminate him, *he has not proven that the crusade was racially rather than personally motivated.*" *Id.* at 508 (emphasis added).

Similarly, Miceli has not raised questions of fact that his firing was age-related rather than personally related. While Miceli has rebutted Bechtel's explanation for his firing, his rebuttal only leads to the inference that his firing was based on personal dislike, not age.

**Memorandum Decision and Order – Page 8**

Certainly, personal dislike could be rooted in discriminatory animus. *See* Derum & Engle, *The Rise of The Personal Animosity Presumption in Title VII*, 81 Tex. L. Rev. 1177 (2003). An employer may dislike an employee for being hard of hearing, slow afoot, or wrinkled – all proxies for age. Here, however, the undisputed evidence is that Braun's dislike of Miceli stemmed from a combination of personality and employment background, neither of which have anything to do with Miceli's age.

This case fits within the precedent established by *Hicks* and *Cornwell*. While Miceli has rebutted Bechtel's explanation, Miceli's rebuttal raises no inference of age discrimination because it is based on a factor – Braun's animosity – that has nothing to do with Miceli's age. For this reason, the Court will grant summary judgment on the ADEA claim.[1]

## 2. <u>Common Law Claims</u>

Miceli has made a claim for breach of the implied covenant of good faith and fair dealing that is based on his ADEA claim. He cites no independent grounds for this state law claim. Because the Court has granted summary judgment on the ADEA claim, the Court will likewise grant summary judgment on

---

[1] Michel has also brought a claim under the Idaho Human Rights Act based on age discrimination. Miceli does not argue that this claim is governed by any different criteria than the ADEA claim, and thus it must be dismissed as well.

**Memorandum Decision and Order – Page 9**

this state law claim.

Michel's claim for negligent infliction of emotional distress must be dismissed because Miceli has failed to produce any evidence of a physical manifestation of an injury caused by the emotional distress. *See Evans v. Twin Falls County*, 796 P.2d 87 (Id. 1990). Moreover, his claim for intentional infliction of emotional distress must be dismissed as well because Miceli has failed to produce evidence of the "severe distress" that must accompany this claim. *Id*.

The Court has now resolved all claims. The Court will therefore enter a separate Judgment as required by Rule 58.

DATED: **April 12, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court